IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MYREICO BROADEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:14-CV-234-WKW |
| | ) [WO] |
| THE CITY OF MONTGOMERY, | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's motion to remand and motion for attorney's fees. (Doc. # 3.) Defendant filed a response in opposition. (Doc. # 5.) For the reasons that follow, the motion to remand is due to be granted and the motion for attorney's fees is due to be denied.

### I.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, in actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal

jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II.  DISCUSSION

**A.**  **Motion to Remand**

Plaintiff filed this action in the Circuit Court of Montgomery, Alabama. Defendant removed the action based upon alleged federal-question jurisdiction. *See* 28 U.S.C. § 1441(a) (allowing removal of civil actions over which the district courts have original jurisdiction); 28 U.S.C. § 1331 (providing that federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Defendant contends that the Complaint alleges a 42 U.S.C. § 1983 claim for "a violation of Plaintiff's Fourth Amendment rights" predicated upon the City of Montgomery's alleged policy, custom, or practice of condoning the use of excessive force. (Not. of Removal, at 2; Def.'s Resp. to Mot. to Remand, at 1–2.)

"Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)). "[T]he plaintiff is the master of the complaint, free to avoid federal

jurisdiction by pleading only state claims even where a federal claim is also available." *Id.* (citation and internal quotation marks omitted).

The Complaint pleads only state-law claims for assault and battery (Count One), wantonness (Count Two), and negligence (Count Three), and affirmatively alleges that Plaintiff brings his "action under the provisions of the laws of the State of Alabama . . . ." (Compl. ¶ 2.)  There is no reference in the Complaint to § 1983 or any other federal statute, and there is no mention of the Fourth Amendment or any other federal constitutional provision.  Although it is true that the section of the Complaint that recites the facts includes allegations of "excessive force" and an "unconstitutional" use of force (Compl. ¶¶ 24–25), there is no corresponding reference to any federal law.  Instead, Plaintiff, as the master of his Complaint, has chosen to rely solely on state law for recovery.  (*See* Compl., at 1, 5–8; Pl.'s Mot. to Remand ("All three causes of action are under state law only.").)

On this record, which includes the Complaint and counsel for Plaintiff's representations as an officer of the court, the fact that Plaintiff includes allegations that Defendant's officers used unconstitutional and excessive force against Plaintiff does not transform the state-law claims into federal ones.  Accordingly, the motion to remand is due to be granted.

**B.**     <u>**Motion for Attorney's Fees**</u>

Plaintiff also seeks an award of attorney's fees under 28 U.S.C. § 1447(c) for Defendant's "wrongful removal" of this action. (Pl.'s Mot. to Remand, at 3.) Under § 1447(c), the court has discretion to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

On the one hand, Defendant's conduct in removing this action based upon a Complaint that clearly pleads three causes of action only under state law is troubling. On the other hand, Defendant's concerns that the Complaint's allegations of unconstitutional and excessive force could be construed liberally so as to contain a § 1983 Fourth Amendment claim for excessive force is somewhat understandable. *See, e.g.*, Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); (*see also* Def.'s Resp. to Mot. to Remand (advocating that "[t]here is no state law claim for excessive force").) Although a very close call, the court is reluctant to find that the removal lacked an objectively reasonable basis and in its

4

discretion declines to award attorney's fees. Accordingly, the motion for attorney's fees is due to be denied

### III. CONCLUSION

Based upon the foregoing, it is ORDERED that Plaintiff's motion to remand (Doc. # 3) is GRANTED, and that the action is REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

It is further ORDERED that Plaintiff's motion for attorney's fees (Doc. # 3) is DENIED.

DONE this 17th day of April, 2014.

                                              /s/ W. Keith Watkins  
                                 CHIEF UNITED STATES DISTRICT JUDGE